**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01282-REB

REGINA M. ANDERSON,

    Plaintiff,

v.

CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[2] filed May 16, 2012, seeking review of the Commissioner's decision denying plaintiff's claims for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of fibromyalgia, headaches, back pain, and anxiety. After her application for disability insurance benefits was denied,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and thus her name is substituted for that of Michael J. Astrue as the defendant in this suit. **FED. R. CIV. P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need be taken to continue this lawsuit.

[2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

plaintiff requested a hearing before an administrative law judge. This hearing was held on June 30, 2008, and resulted in an unfavorable decision. On appeal to this court, I remanded with directions to consider new evidence concerning plaintiff's more recent diagnosis of fibromyalgia. A second hearing therefore was held on January 30, 2012. At the time of this hearing, plaintiff was 58 years old. She has two years of college education and past relevant work experience as a certified nurses aide, medical records clerk, and receptionist. She has not engaged in substantial gainful activity since August 20, 2006, her alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform light, semi-skilled work with certain postural and environmental limitations, and thus was capable of performing her past relevant work. He therefore found plaintiff not disabled at step four of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the

impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. ***Id.*** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

Plaintiff claims the ALJ erred by failing to afford sufficient weight to the opinions

of her treating physician and failing to adequately account for the other medical opinions of record, which in turn infected his determination of her residual functional capacity.[3] Finding no such reversible error in the ALJ's opinion, however, I affirm.

The opinion of a treating source is entitled to controlling weight only when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record" and cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision.  20 C.F.R. § 404.1527(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003).  Good cause may be found when a treating source opinion is brief, conclusory, or unsupported by the medical evidence.  *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

Plaintiff's treating physician, Dr. Robert Spees, completed a Functional Capacity Evaluation in April, 2008, in which he opined that plaintiff could lift and carry up to 10 pounds occasionally, sit for one hour at a time up to four hours in an 8-hour workday, stand for less than 30 minutes for up to 3 hours a day, and walk for one hour at a time up to two hours a day.  (Tr. 365-366.)  The ALJ afforded "little weight" to this opinion because he found it to be inconsistent with Dr. Spees's own treatment notes, "which repeatedly show normal physical functioning, normal gait and station, no abnormal strength and no decreased motion in the limbs or spinal components[.]" (Tr. 397.)

---

[3] Plaintiff articulates several additional alleged errors, sprinkling random thoughts and brief citations throughout her brief.  I do not consider such inadequately briefed, and therefore undeveloped, arguments.  *DeNunez v. Colvin*, 2013 WL 1873284 at *3 n.3 (D. Colo. May 6, 2013).  *See also* D.C.COLO.LCivR 7.1 C. (requiring that a motion filed in this district "be supported by a recitation of legal authority incorporated into the motion").

Plaintiff suggests that it was error to rely on the lack of objective medical corroboration because she suffers from fibromyalgia,[4] a condition for which such evidence typically is absent.[5]  **See Wilson v. Astrue**, 602 F.3d 1136, 1143 (10th Cir. 2010); **Gilbert v. Astrue**, 2007 WL 1068104 at *4 (10th Cir. April 11, 2007).  Indeed, the reason cited by Dr. Spees in support of his conclusions regarding plaintiff's limitations on lifting, sitting, standing, and walking were the overall, profuse tenderness of plaintiff's neck, trapezius, and cervical and lumbar spine.  (Tr. 366.)

It is important to remember that in considering cases of fibromyalgia, the symptoms of the disease "are entirely subjective."  **Gilbert**, 2007 WL 1068104 at *4 (citation and internal quotation marks omitted).  See also **Benecke v. Barnhart**, 379 F.3d 587, 590 (9th Cir. 2004) (fibromyalgia "is diagnosed entirely on the basis of patients' reports and other symptoms").  "Given accepted diagnostic protocols, a treating physician's reliance on such complaints hardly undermines his opinion as to [the claimant's] functional limitations."  **Sanchez v. Astrue**, 2009 WL 4810696 at *4 (D. Colo. Dec. 10, 2009) (citation and internal quotation marks omitted).  Moreover, it is

---

[4] Fibromyalgia is "a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments and other tissue," **Benecke v. Barnhart**, 379 F.3d 587, 589 (9th Cir. 2004), and results in "long-term but variable levels of muscle and joint pain, stiffness and fatigue," **Brosnahan v. Barnhart**, 336 F.3d 671, 672 n.1 (8th Cir. 2003).  "Its cause or causes are unknown, [and] there is no cure[.]"  **Sarchet v. Chater**, 78 F.3d 305, 306 (7th Cir. 1996).

[5] The ALJ made reference to "variable trigger point findings, sometimes only in the upper body and other times in all four quadrants of the body."  (Tr. 394.)  **See Social Security Ruling** 12-2p, 2012 WL 3104869 at *2 (SSN July 25, 2012) (noting that one of the criteria supporting a finding of fibromyalgia is "[a] history of widespread pain – that is, pain in all quadrants of the body (the right and left sides of the body, both above and below the waist) and axial skeletal pain (the cervical spine, anterior chest, thoracic spine, or low back) – that has persisted (or that persisted) for at least 3 months").  It is not clear what how this reference supports the ALJ's conclusion however, since a rheumatologist, Dr. Lawrence Zykowski found plaintiff to suffer from fibromyalgia (**see** Tr. 644-645), a conclusion which the ALJ himself accepted in finding that plaintiff had such an impairment (Tr. 391).

error in any event to discredit a medical source opinion simply because it relies on a claimant's subjective report of symptoms:

> A medical finding of disability . . . includes an evaluation of the patient's medical history and the physician's observations of the patient, and necessarily involves an evaluation of the credibility of the patient's subjective complaints of pain.  A medical opinion based on all of these factors is medical evidence supporting a claim of disabling pain, even if the objective test results, taken alone, do not fully substantiate the claim.

***Nieto v. Heckler***, 750 F.2d 59, 60-61 (10th Cir. 1984).  ***See also Sanchez***, 2009 WL 4810696 at *4.  Indeed, the Commissioner's own regulations make clear that a lack of objective medical evidence alone is not sufficient to discredit a claimant's subjective reports of disabling pain.  ***See*** 20 C.F.R. § 404.1527(c)(2); **Social Security Ruling** 96-7p, 1996 WL 374186 at * 3 (SSA July 2, 1996).

Nevertheless, "[a] physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted."  ***See Morgan v. Commissioner of Social Security Administration***, 169 F.3d 595, 602 (9th Cir. 1999) (citation and internal quotation marks omitted).  In other words, when the ALJ has properly discredited a claimant's subjective complaints of pain, he need not accept a medical source opinion premised on a contrary estimation of the claimant's credibility regarding her own functional and other limitations.  The Tenth Circuit has outlined a tripartite test for evaluating subjective complaints of pain:

> We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven

7

> impairment and the Claimant's subjective allegations of pain;
> and (3) if so, whether, considering all the evidence, both
> objective and subjective, Claimant's pain is in fact disabling.

*Musgrave*, 966 F.2d at 1375-76 (citing *Luna*, *v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987)).  In applying these standards, the ALJ should consider a number of factors that may either support or undermine the credibility of plaintiff's subjective complaints. *See* **Social Security Ruling** 96-7p, 1996 WL 374186 at * 3.[6]

The ALJ here rehearsed a number of these considerations.  He pointed out that plaintiff's condition "has been managed most conservatively, with chiropractic care, minimal medications and office visits sometimes separated by six months."[7]  He noted

---

[6] Such factors include:

> 1. The individual's daily activities;
>
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

**Social Security Ruling** 96-7p, 1996 WL 374186 at * 3.

[7] Although the ALJ acknowledged plaintiff's claim that she lacked medical insurance, *see **Ky v. Astrue***, 2009 WL 68760 at *4 n.4 (D. Colo. Jan. 8, 2009), he noted that there was community health care readily available in her area, *see **Murphy v. Sullivan***, 953 F.2d 383, 386-87 (8th Cir. 1992) (lack of evidence that plaintiff sought out low-cost medical alternatives or was denied care due to lack of finances supported determination that indigence was not responsible for failure to obtain treatment).  (*See* Tr. 394-395.)

that although plaintiff alleged frequent and debilitating headaches,[8] as well as significant side effects from her medications, she had failed to report any such matters to any treating source. He also noted that Dr. Spees had recommended that plaintiff engage in a walking program, suggesting that she was capable of more than sedentary activity. (Tr. 394.) I perceive no error in the ALJ's reliance on any of these considerations to discredit plaintiff's subjective complaints and, concomitantly, to assign diminished weight to the opinion of her treating source based principally on such complaints.[9] I thus reject plaintiff's suggestion that the ALJ's assessment of Dr. Spees's opinions was infected with reversible error.

The ALJ also rejected the opinion of Dr. Lawrence Zyskowski that plaintiff was "not likely to be available for gainful employment, especially with the chronicity [*sic*] of her musculoskeletal pain." (Tr. 642.) The finding that a claimant is disabled, *vel non,* is an issue reserved to the Commissioner, and although a source statement on that issue must be considered, it is entitled to no particular weight. **See** 20 C.F.R. § 404.1527(e);

---

[8] The ALJ also rejected a headache questionnaire which Dr. Spees completed in October 2010, because it was based entirely on plaintiff's own "headache diary," not on his own observations or medical findings. (Tr. 398; *see* Tr. 788-790.)

[9] The ALJ noted that his ultimate determination of plaintiff's residual functional capacity was partially consistent with Dr. Spees's findings. (Tr. 399.) Contrary to plaintiff's argument, such a conclusion does not evidence improper "cherry picking" of the record. The ALJ was under no obligation to base his residual functional capacity assessment on any particular medical source's opinion or to adopt a medical source opinion *in toto*. **See Moses v. Astrue**, 2012 WL 1326672 at *4 (D. Colo April 17, 2012) ("[T]the ALJ was not required to adopt or rely on any medical source opinion in making her residual functional capacity assessment because the determination of residual functional capacity is not a medical opinion."). Instead, residual functional capacity is assessed "based on all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3), "including medical records, observations of treating physicians and others, and plaintiff's own description of his limitations," **Noble v. Callahan**, 978 F.Supp. 980, 987 (D. Kan. 1997). Although the ALJ's determination must be grounded in some medical evidence, *see Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995), it ultimately is an administrative determination reserved to the Commissioner, 20 C.F.R. §§ 404.1546 & 416.946; **Rutledge v. Apfel**, 230 F.3d 1172, 1175 (10th Cir. 2000).

*Sosa v. Barnhart*, 2003 WL 21436102 at *5 (D. Kan. April 10, 2003), **adopted**, 2003 WL 21428384 (D. Kan. Jun. 17, 2003).  For the reasons already discussed in relation to Dr. Spees's opinion, I perceive no reversible error in the ALJ's determination to assign no weight to Dr. Zyskowki's brief, conclusory, and not-well-supported opinion.  (Tr. 397-398.)[10]

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated June 25, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[10]  The ALJ also noted that although Dr. Zyskowski completed a Functional Capacity Evaluation on plaintiff's behalf, plaintiff apparently complained to the doctor about the manner in which he completed the form, and it was not submitted to the ALJ, a factor which the ALJ found as further undermining plaintiff's credibility. (Tr. 398.)  I find no merit in plaintiff's argument that the ALJ was required to develop the record by seeking out this evaluation, as there is nothing to suggest that the evidence before him was inadequate to allow him to make a determination.  *See* 20 C.F.R. § 404.1512(e); **White v. Barnhart**, 287 F.3d 903, 908 (10th Cir.2001).  Nor do I perceive any error in the negative inference drawn from the failure to present the evidence, which I note plaintiff has made no attempt – either before the Appeals Council or here – to make part of the record.